## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luis M. Ortiz, being first duly sworn, do hereby depose and state that:

### Agent Background

1.     I am employed as a Special Agent with United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), San Juan, Puerto Rico. I have been employed as a Special Agent since 2010. As a Special Agent, my responsibilities include conducting investigations of alleged manufacturing, distributing, and possession of controlled substances, importation of controlled substances, smuggling of goods and currency into and out of the United States, firearms violations, and other related offenses.

2.     I have attended the United States Department of Homeland Security Criminal Investigator Training Program (CITP) and the Immigration and Customs Enforcement Special Agent Training (ICESAT) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I was trained to conduct criminal investigations related to narcotics, currency, firearms, contraband smuggling, interdiction, and distribution activities, among others. Prior to my employment with HSI, I was employed with United States Customs and Border Protection (CBP), Office of Field Operations, San Juan, Puerto Rico for approximately one (1) year and eight (8) months. I have a Bachelor of Business Administration degree from the Universidad Metropolitana. I am currently assigned to the Border Enforcement Security Taskforce, where investigations conducted are related to violations of Titles 8, 18, 19, 21 and 31 (among others) of the United States Code (USC). I am also certified as a Defensive Tactics Instructor.

3.     Because this Affidavit is submitted for the limited purpose of establishing probable cause, I have not included all details of every aspect of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause of the commission of

federal crimes or offenses. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers involved in the investigation.

4.   For the reasons set forth below, I respectfully submit that there is probable cause to believe that the individuals mentioned below have violated Title 46, United States Code, Sections 70502, 70503, 70506; that is, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States.

## Facts in Support of Probable Cause

5.   On March 22, 2019, a United States Coast Guard (USCG) Cutter detected a vessel traveling eastbound at ten (10) knots approximately eleven (11) nautical miles (NM) southwest of Navassa Island, within U.S. customs waters. The vessel was described as a grey, 33 feet long go-fast type vessel (GFV), which had twin outboard engines. The name "LET NOT YOUR HEART BE TROUBLED" was stenciled on both the port and starboard sides of the GFV. The USCG Cutter crew observed six (6) persons on board, whom, upon approach of the USCG Cutter, started jettisoning multiple packages overboard. The USCG Cutter deployed a small-boat with a law-enforcement boarding team (BT) to interdict the GFV.

6.   Subsequently, the USCG BT interdicted the GFV and conducted a counter-drug boarding pursuant to U.S. coastal authority. A second USCG small-boat was dispatched from the USCG Cutter to recover the jettisoned packages. A total of forty-eight (48) bales of suspected contraband, with an at-sea weight of 1780 pounds, were recovered from the water. A field test was conducted on the packages, which tested positive for the characteristics of marijuana.

7.   The USCG BT took custody of the six (6) individuals on board, all of which claimed to be citizens of Jamaica. The GFV was thereafter destroyed by USCG personnel as a

hazard to navigation.

8.      On March 28, 2019, the USCG transported the arrested individuals and the seized evidence to San Juan, Puerto Rico for processing and transferred custody to U.S. Department of Homeland Security personnel for further investigation.

9.      The six (6) subjects arrested were identified as follows: [1] OSHALE REID, a Jamaican national and master of the vessel; [2] SILVAN DICK, a Jamaican national; [3] WAYNE WRIGHT HARVEY (a/k/a Wayne Wright, a/k/a Wayne Wright Sonday Harvey), a Jamaican national; [4] ANDERSON OMAR DIMES (a/k/a Omar Anderson), a Jamaican national; [5] DAMIAN HALL (a/k/a Melworth Stevens), a Jamaican national; and [6] KAUNDA OMAR JACKSON (a/k/a Omar Jackson), a Jamaican national.

## Conclusion

10.     Based on the facts contained herein, I believe there is probable cause to charge [6] [1] REID, [2] DICK, [3] HARVEY, [4] DIMES, [5] HALL and [6] JACKSON with violating Federal Law, to wit: Title 46, United States Code, Sections 70502(c)(1), 70503(a)(1), and 70506(a) & (b), conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States.

_____
Luis M. Ortiz
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 29th day of March 2019, in San Juan, Puerto Rico.

_____
Hon. Bruce J. McGiverin
United States Magistrate Judge
United States District Court
District of Puerto Rico